| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Emmanuel S. Vargas, ESQ - 258202**<br>**RAY BULAON LAW OFFICES, INC.**<br>**701 N. Brand Blvd., Suite 270**<br>**Glendale, CA 91203**<br>**Phone (818) 243-7745 Fax: (818) 243-7795**<br>**bknotices@bulaonlaw.com**<br><br>☒ *Attorney for Debtor(s)*<br>☐ *Debtor(s) appearing without attorney* | **FILED & ENTERED**<br><br>**DEC 23 2013**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** francis    **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*LOS ANGELES* DIVISION**

| In re:<br><br>**Jose Solomon Florendo**<br><br>Debtor(s). | CASE NO.:   **2:13-bk-26743-NB**<br>CHAPTER: 13<br><br>**ORDER ON MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE [11 U.S.C. § 506(d)]**<br><br>DATE**:**    12/12/2013<br>TIME**:**    2:00PM<br>COURTROOM:   1545<br>PLACE:<br>255 East Temple Street, Los Angeles, CA 90012 |

**NAME OF CREDITOR HOLDING JUNIOR LIEN:**  JPMorgan Chase Bank, NA/Countrywide Home Loans Inc.

1. The Motion was:    ☒ Opposed; *Opposition Subsequently Withdrawn* ☐    Unopposed ☐ Settled by stipulation

2. The Motion affects the junior trust deed(s), mortgage(s), or other lien(s) encumbering the following real property ("Subject Property"), which is the principal residence of debtor(s):

    *Street Address:*         27438 Acacia Dr
    *Unit Number:*
    *City, State, Zip Code:*  Valencia, CA 91354

    Legal description or document recording number (including county of recording):

    Parcel 1. An undivided interested in neighborhood common area:

A one/thirtieth (1/30th) undivided fractional fee interest as tenant-in-common in and to that certain neighborhood common area shown and described on that certain condominium plan recorded on July 28, 2004 as instrument no. 04-1927693, official records of Los Angeles County, California (The "Phase 4 Condominium Plan"), said neighborhood common area being a portion of Lot 1 of Tract 5427; as shown on map recorded in book 1285, Pages 96 and 97 of maps in the office of the county recorder for Los Angeles County, California.

Parcel 2. The Condominium Unit:

Unit 93 as shown and described on the phase 4 condominium plan and as defined in that certain "Declaration of Covenants, Conditions and Restrictions, Reservation of Easements and Alternative Dispute Resolution Procedures for Andorra and Creekside Valencia" Recorded April 29, 2004 as instrument no. 04-1056641, Official Records of Los Angeles County, California, as same may be restated, amended and/or supplemented from time to time (The "Declaration"), and/or in that certain "Declaration of Annexation to Andorra at Creekside Valencia" recorded on July 29, 2004 as instrument no. 04-1945945, in the official records of Los Angeles County, California, as same may be restated and/or amended from time to time (The "Declaration of Annexation").

[Exclusive and non-exclusive easements omitted]

3. The Subject Property is subject to the following deed(s) of trust, mortgage(s) or other lien(s) in the amounts specified securing the debt against the Subject Property, which will be treated as indicated:

   a. _Green Tree Servicing LLC, as authorized servicer for Fannie Mae, as owner and holder of account/contract originated by Countrywide Home Loans, LLC_ in the amount of $ _$297,814.98_.

   b. _JPMorgan Chase Bank, N.A./Countrywide Home Loans, Inc._ in the amount of $ _88,824.29_ ☒ is ☐ is not   to be avoided;

   c. _____ in the amount of $ _____ ☐ is ☐ is not   to be avoided;

   ☐ See attached page for any additional encumbrance(s).

4. The motion is:

   a. ☐ DENIED   ☐ with   ☐ without   prejudice, on the following grounds:

      1. ☐   Based upon the findings and conclusions made on the record at the hearing
      2. ☐   Unexcused non-appearance by Movant
      3. ☐   Lack of proper service
      4. ☐   Lack of evidence supporting motion
      5. ☐   Other (specify):

   b. ☒ GRANTED on the following terms:

      i. The Subject Property is valued at no more than $ _255,000.00_ based on adequate evidence.

      ii. This avoidance of the respondent's junior lien is effective upon: ☒ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge in this case.

      iii. Before the discharge, no payments are to be made on the secured claim of the junior lienholder; maintenance payments are not to be made.

      iv. The claim of the junior lienholder is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

February 2013                                                    Page 2                                                    F 4003-2.4.ORDER

v. The junior lienholder's claim on the deed of trust, mortgage or lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim. The junior lienholder is not required to, but may file an amended Proof of Claim listing its claim as an unsecured claim to be paid in accordance with the Debtor's chapter 13 plan. If an amended claim is not filed, the Trustee may treat any claim on the debt (secured or unsecured) filed by the junior lienholder as unsecured upon entry of this order.

vi. The avoidance of the junior lienholder's deed of trust, mortgage or lien is contingent upon: ☒ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

vii. The junior lienholder shall retain its lien in the junior position for the full amount due under the corresponding note and deed of trust, mortgage or lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the Bankruptcy Code, or if the Subject Property is sold or refinanced prior to the Debtor's ☒ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

viii. In the event that the holder of the first deed of trust or any senior lien on the Subject Property forecloses on its interest and extinguishes the junior lienholder's lien rights prior to the Debtor's ☒ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge, the junior lienholder's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

ix. ☐ See attached continuation page for additional provisions.

###

Date: December 23, 2013

Neil W. Bason
United States Bankruptcy Judge

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*    Page 3    **F 4003-2.4.ORDER**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled: **ORDER ON MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE [11 U.S.C. § 506(d)]** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) **12/19/13** the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Patrick K Bruso on behalf of Creditor JPMorgan Chase Bank, N.A., successor in interest by purchase from the Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank; generalmail@alvaradoca.com

Patrick K Bruso on behalf of Interested Party Courtesy NEF; generalmail@alvaradoca.com

Kathy A Dockery (TR); efiling@CH13LA.com

Merdaud Jafarnia on behalf of Creditor Bank of America, N.A.; bknotice@mccarthyholthus.com, mjafarnia@mccarthyholthus.com

United States Trustee (LA); ustpregion16.la.ecf@usdoj.gov

Emmanuel S Vargas on behalf of Debtor Jose Solomon Florendo; bknotices@bulaonlaw.com, bknotices@evargaslegal.com

2. **SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses stated below:

**Debtor**
Mr. Jose Florendo
27438 Acacia Drive
Valencia, CA 91354

☐ Service information continued on attached page

3. **TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below

Patrick K. Bruso, Attorney for JPMorgan Chase Bank, NA
Alvarado & Associates, LLP
1 Mac Aurther Place, Suite 201
Santa Ana, CA 92707

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*   Page 4   **F 4003-2.4.ORDER**